[Nos. 12754–7–II; 12798–9–II; 12804–7–II.          Division Two.          May 4, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS DEAN GODWIN, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. LARRY WAYNE WOOLDRIDGE, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. DON RICHARD PETTENGILL II, *Appellant.*

*John A. Hays,* for appellants (appointed counsel for appeal).

*C.C. Bridgewater, Jr., Prosecuting Attorney,* and *Randolph Furman, Deputy,* for respondent.

PETRICH, J.—Thomas Godwin, Larry Wooldridge and Don Pettengill, referred to collectively as defendants, seek review of the Cowlitz County Superior Court sentences. They claim that the sentences, imposed consecutively on three counts of first degree kidnapping, should have been imposed concurrently, because the offense did not arise from separate distinct conduct. Thus, they, in effect, argue that the sentences imposed were exceptional ones not supported by the record.[1] The sentences were reviewed pursuant to RAP 18.15. The Commissioner referred this matter to a panel of judges. We affirm.

On January 31, 1989, the defendants forced their way into the home of Delores Luff. James Anglin was staying in the home. Claiming he owed them money, defendants beat

---

[1]Pettengill was also convicted of indecent liberties. The sentence imposed upon that conviction is not an issue.

and kidnapped Anglin. Later that same evening, defendants kidnapped Terry Meredith and June Ortman. Again, their motive was to collect money.

Plea negotiations resulted in pleas of guilty to three counts of first degree kidnapping. The trial court, relying on RCW 9.94A.400(1)(b), imposed consecutive sentences of 80 months on each count.[2]

RCW 9.94A.400(1) provides, in relevant part:

> **Consecutive or concurrent sentences.** (1)(a) Except as provided in (b) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided,* That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently. . . . "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim. . . .
>
> (b) Whenever a person is convicted of three or more serious violent offenses, as defined in RCW 9.94A.030, arising from separate and distinct criminal conduct, the sentence range for the offense with the highest seriousness level under RCW 9.94A.320 shall be determined using the offender's prior convictions and other current convictions that are not serious violent offenses in the offender score and the sentence range for other serious violent offenses shall be determined by using an offender score of zero. . . . All sentences imposed under (b) of this subsection shall be served consecutively to each other and concurrently with sentences imposed under (a) of this subsection.

For RCW 9.94A.400(1)(b) to be applicable, a defendant must have committed three or more offenses constituting "serious violent offenses" and the offenses must arise from "separate and distinct criminal conduct." RCW 9.94A.400(1)(b).

Kidnapping in the first degree is clearly a "serious violent offense." RCW 9.94A.030. The question, then, is whether

---

[2]Pettengill's sentence for indecent liberties runs concurrent to his sentences for kidnapping.

the three kidnapping offenses arise from "separate and distinct criminal conduct".

We hold that the three kidnapping offenses committed, as they were, against three separate victims constitute "separate and distinct criminal conduct" as contemplated by RCW 9.94A.400(1)(b).

Neither the Sentencing Reform Act of 1981 nor case law provides a specific definition of "separate and distinct criminal conduct". Thus, we must look to the purpose of the legislation, the antecedents of the statutory language and the interrelationship between "separate and distinct criminal conduct" (RCW 9.94A.400(1)(b)) and "separate crimes encompassing the same criminal conduct" (RCW 9.94A.400(1)(a)).

RCW 9.94A.400(1)(b) is a narrow exception to the general policy of concurrent sentences for all current convictions. The provision, known as the "serious violent exception," dramatically increases the punishment for certain multiple offenders. D. Boerner, *Sentencing in Washington* § 6.20, at 6–31 (1985). Thus, the legislative purpose of punishment and proportionality is fostered. This result was clearly intended by the Legislature. D. Boerner, *supra*.

RCW 9.94A.400(1)(b) was added during legislative consideration of the "encompassing" rule, RCW 9.94A.400-(1)(a). Its purpose was to avoid the possibility of concurrent sentences in cases of violent offenses where there were separate victims or questions of merger. D. Boerner, *Sentencing in Washington* § 5.8(a), at 5–18 (1985).

This purpose is consistent with prior court rulings interpreting "single act or omission" and "arising from separate and distinct acts or omissions" as those terms were used in RCW 9.92.080(2) and RCW 9.92.080(3) (concurrent/consecutive sentencing provisions under the indeterminate sentencing scheme).

The cases interpreting these phrases deal primarily with questions of double jeopardy and merger. However, they are particularly instructive in uniformly holding that crimes involving different victims are separate and distinct.

*State v. Vladovic,* 99 Wn.2d 413, 421, 662 P.2d 853 (1983); *State v. Potter,* 31 Wn. App. 883, 886–87, 645 P.2d 60 (1982); *State v. Turner,* 31 Wn. App. 843, 846–47, 644 P.2d 1224 (crimes involving separate victims are not identical in fact), *review denied,* 97 Wn.2d 1029 (1982). The courts have applied the same rule in interpreting RCW 9.94A.400. *See State v. Dunaway,* 109 Wn.2d 207, 743 P.2d 1237, 749 P.2d 160 (1987) (crimes involving separate victims can never be the same criminal conduct); *State v. Clinton,* 48 Wn. App. 671, 741 P.2d 52 (1987) (three rapes of three separate victims invoke RCW 9.94A.400(1)(b)).

In *Clinton,* the provision of RCW 9.94A.400(1)(b) was invoked to impose consecutive sentences in a case of three rapes involving separate victims on separate dates. Defendants' attempt to distinguish *Clinton* and a similar example provided by Dean Boerner by contending that the instant kidnappings were all perpetuated over a relatively short time period, the motive for all the crimes was obtaining money owed and the relationship between the victims led the defendants from the first victim to the second and third. We are not persuaded. The chronology of events, the relationship of the victims, or the alleged purpose of the criminal enterprise does not alter the fact that a serious, violent crime was committed against three victims. The proportionality purposes of the SRA clearly intend that victimizing more than one person constitutes more serious conduct.

We hold, therefore, that crimes which involve different victims constitute separate and distinct criminal conduct. Defendants' crimes were serious and violent and consecutive sentences were required.

Affirmed.

ALEXANDER, C.J., and WORSWICK, J., concur.

Review denied at 115 Wn.2d 1006 (1990).