[No. 11256-0-III. Division Three. April 7, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT J. BADGER, *Appellant*.

*Paul J. Wasson,* for appellant (appointed counsel for appeal).

*John R. Knodell, Prosecuting Attorney,* and *Kenneth L. Jorgensen, Deputy,* for respondent.

MUNSON, J. — Robert Badger was charged by information with first degree child molestation, RCW 9A.44.083(1). He pleaded guilty and was sentenced to 30 months in jail, which was conditionally suspended under the special sexual offender sentencing alternative (SOSA), RCW 9.94A.120-(7)(a). As a condition of the SOSA, he served a 6-month sentence in the county jail. After his release, he violated other conditions and the original sentence was reimposed. Mr. Badger appeals, challenging the court's (1) reliance, in part, on hearsay in making its decision; (2) revocation of the conditions of supension; and (3) refusal to impose 60-day jail sanctions instead of the original sentence. We remand for reconsideration of the sentence.

The State accepts Mr. Badger's statement of the case. On January 29, 1990, Robert Badger was charged by information with first degree child molestation committed on June 27, 1989. Mr. Badger pleaded guilty and received a suspended sentence under the SOSA. The relevant conditions of the suspended sentence were: (1) 6 months' confinement; (2) successful completion of sexual offender treatment; (3) no contact with minor children absent a responsible adult preapproved by his community corrections officer (CCO); and (4) approval by his CCO of his residence.

On August 22, 1990, shortly after Mr. Badger's release from jail, Les Patton, Mr. Badger's CCO, filed a notice of violation. A show cause order was issued. A supplemental notice of violation was filed on September 19. Mr. Badger was arrested and incarcerated. On September 24, a second supplemental notice of violation was filed. The alleged violations were: (1) failure to enter sex offender treatment; (2) contact with a minor child without a preapproved responsible adult; (3) contact with minor females without the required adult; and (4) changing residence without notifying his CCO.

At the November 7 hearing, the CCO testified he had informed Mr. Badger of the conditions of his probation on June 27, while Mr. Badger was in jail. The violation reports prepared by the CCO were then admitted into evidence over Mr. Badger's hearsay objection. The court specifically limited the portions of the reports on which it would rely. Because of the hearsay exclusions, violation 2, contact with a minor child without a preapproved adult, was dismissed without prejudice. The court did not rely on portions of the reports relating to violation 3, contact with minor females without a preapproved adult, because it deemed the information unreliable hearsay. The court found three statements by Tammy Robertson, a 15-year-old, to the probation officer reliable.

Mr. Badger testified he did not have the money to pay for sex offender treatment or transportation to Wenatchee for treatment. He testified he had notified the probation office

of his change of address while the CCO was absent. He admitted he visited the juvenile, Tammy Robertson, with his 18-year-old friend, Christopher Aldridge. He admitted he was informed of and acknowledged by signature the conditions of his suspended sentence, including the prohibition of contact with a minor absent a preapproved adult. He admitted he had $400 at one point for the treatment program but spent it on other things, including stereo payments. He admitted he canceled his only appointment for sex offender treatment.

The court found by a preponderance of evidence Mr. Badger had willfully failed to enter sex offender treatment and contacted a minor without proper supervision. Violation 4, failure to notify his CCO of change of residence, was dismissed for lack of evidence. Based on these findings and conclusions, the court revoked the suspended sentence and imposed the original sentence, with credit granted for time served. Mr. Badger appeals.

Mr. Badger first contends the violation reports contain inadmissible hearsay and the court's written findings were inadequate under *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973). The State asserts the court based its findings on reliable hearsay, admissible in a revocation hearing under *Gagnon* and *State v. Nelson*, 103 Wn.2d 760, 765, 697 P.2d 579 (1985).

■ ■ An offender serving a conditional suspended sentence has minimal due process rights at a revocation hearing. *Nelson*, at 763 (citing *Morrissey v. Brewer*, 408 U.S. 471, 489, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972)); *Gagnon*, 411 U.S. at 786. These rights include (1) the right to confrontation unless good cause to deny it is specifically found and (2) a written finding as to the evidence relied on and reasons for the revocation of probation or parole. *In re Boone*, 103 Wn.2d 224, 231, 691 P.2d 964 (1984) (citing *Gagnon*, 411 U.S. at 786).[1] "Good cause has thus far been defined in

---

[1] The Sentencing Reform Act of 1981 eliminated "probation" and replaced it with "community supervision", restricting the trial court's sentencing options. *State v. Shove*, 113 Wn.2d 83, 89, 776 P.2d 132 (1989); *see* RCW 9.94A.383, .030(4),

terms of difficulty and expense of procuring witnesses in combination with 'demonstrably reliable' or 'clearly reliable' evidence." *Nelson*, at 765. The Ninth Circuit has held hearsay evidence from state probation reports is sufficiently reliable under this test. *United States v. Miller*, 514 F.2d 41, 42 (9th Cir. 1975).

The sentencing court specifically excluded as unreliable the statements of Mr. Aldridge and his girl friend. Mr. Badger's statements were admitted as substantive evidence. Admissions of a party-opponent are admissible for substantive purposes under ER 801(d)(2)(i). The statements of the CCO were likewise admitted. The CCO testified he had contacted Mr. Badger, and Mr. Badger had failed to comply with his directions to enter into treatment. Three of Tammy Robertson's undisputed statements contained in the violation report were admitted: (1) she was 15 years old; (2) she was Mr. Badger's girl friend until August of 1990; (3) Mr. Badger came to her house; and (4) she was a special education student at a junior high school. Mr. Badger was allowed to cross-examine the CCO. The court also considered testimony from Mr. Badger and Dr. Zimberoff. The record contains written findings of the evidence relied on and the reasons for revocation. This satisfies *Gagnon* and *Nelson*.

The court did not err in admitting the violations report and considering portions of the report in making its determination.

Mr. Badger next contends the decision to revoke was based on insufficient evidence.

 Revocation of a suspended sentence rests within the discretion of the court. Proof of violations need not be established beyond a reasonable doubt but only must "reasonably satisfy" the court the breach of condition occurred. *See State v. Kuhn*, 81 Wn.2d 648, 650, 503 P.2d 1061 (1972). Mr.

---

.120(5), (7). With one exception, RCW 9.94A.120(7), suspended and deferred sentences were also abolished. RCW 9.94A.130. A probation hearing is analogous to a violations hearing of an offender under a SOSA suspended sentence, as both involve a conditional suspended or deferred sentence.

Badger admitted knowledge of the conditions of the suspended sentence. He also admitted he violated the conditions of his suspended sentence by failing to enter treatment when funds were available and contacting a juvenile female without an adult preapproved by his CCO. These admissions constitute evidence of serious noncompliance which, standing alone, would support revocation even without the evidence which Mr. Badger would have us exclude as inadmissible hearsay.

Finally, Mr. Badger questions the court's authority to revoke the suspended sentence instead of imposing 60-day additional sentences. He interprets the original sentencing order as limiting the sentencing court's authority to elect revocation or sanctions in response to violations of conditions of the suspended sentence.

The judgment and sentence report cited RCW 9.94A.120-(7)(a) as authority for imposing the sentence and also stated: "Violations of the conditions or requirements of this sentence are punishable by up to 60 days of confinement for each violation (RCW 9.94A.200(2))."

■ *State v. Johnson*, 54 Wn. App. 489, 774 P.2d 526 (1989), cited by Mr. Badger, is distinguishable. Although *Johnson*, at 491, does stand for the proposition that the 60-day sanctions under RCW 9.94A.200 are applicable to sentences received under RCW 9.94A.120(7), *Johnson* does not require the sentencing court to elect either revocation or sanctions at the time of imposing the original sentence. That decision awaits a finding of violation of the conditions.

While the phrasing of this original sentence perhaps placed undue emphasis on imposing sanctions, the sentence was expressly imposed under RCW 9.94A.120(7). RCW 9.94A.120(7) provides for discretionary revocation of a suspended sentence if an offender violates any condition of his suspended sentence under the SOSA. Merely citing RCW 9.94A.120(7) and explaining RCW 9.94A.200 in greater detail in the sentencing report, while somewhat confusing, is not reversible error.

The sentencing judge, however, expressed doubt about whether he had the option to impose up to a 60-day jail sentence (RCW 9.94A.200) in lieu of executing the original sentence (RCW 9.94A.120(7)). We hold these two statutes are interrelated; thus, the court has discretion to sentence under either statute.

Because it apparently believed it had no such discretion, we remand to permit the court to exercise its discretion in deciding whether to continue with the original sentence or to impose the 60-day sanction for violation of the sentencing conditions, with credit for time served.

THOMPSON, A.C.J., and SWEENEY, J., concur.