[No. 30425-9-I. Division One. July 19, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. SCOTT H. MORRISON, *Appellant*.

*Kim Dupuis,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *David F. Thiele, Deputy,* for respondent.

AGID, J. — Scott Morrison appeals the order modifying his suspended sentence following revocation of his special sexual offender sentencing alternative (SSOSA) sentence. He argues that the trial court had no statutory authority to impose 1 year of community supervision at the time of revocation because it was not included in the original sentence. We conclude that the SSOSA statute contemplates the bifurcated procedure followed here and affirm.

On August 2, 1991, Scott Morrison was convicted of one count of third degree child molestation. The standard range for Morrison's conviction was 6 to 12 months, and the court sentenced him to 6 months of confinement. The court suspended that sentence, however, and imposed a sentence under the SSOSA provisions of the Sentencing Reform Act of 1981 (SRA). RCW 9.94A.120(7)(a)(ii). The court required Morrison to serve 30 days of partial confinement on work release and 24 months of sexual deviancy treatment during a 24-month period of community supervision.

Morrison subsequently violated the terms of his SSOSA by not complying with treatment, and the court sentenced him to 60 days of confinement. That sentence was also suspended on the condition that Morrison comply with all treatment requirements and attend one additional treatment session each week. Morrison failed to meet those requirements, and the court entered an order vacating the SSOSA and revoking the order suspending the original sentence. As the court stated during the revocation hearing,

I'm not satisfied that this individual is at all interested in treatment. He's manipulated the system and he's manipulated this Court as far as he's going to. I will impose the 60 days I previously suspended for the violation, as well as the six months. That will be served [consecutively]. There will be one year of community supervision following that with the appropriate conditions, crime-related prohibitions.

At the SSOSA revocation hearing, defense counsel argued that the trial court had no authority to impose 1 year of community supervision because it was not included in the original, 6-month suspended sentence.[1]

[DEFENSE COUNSEL:] Now, the reason we find ourselves with the options limited is, frankly, because the State at the time of sentencing and the Court at the time of sentencing elected to impose a six month suspended sentence when there was a standard range of 6 to 12 months . . ..

. . . .
. . . With regard to the one year of supervision, I think that that is clearly an ex post facto sentence at this point. He was not sentenced initially to one year of supervision . . . .. The Court [could have] put him on one year supervision [pursuant to RCW 9.94A.383]. You did not, when you were originally sentencing him, put him on one year of supervision. You are now revoking that sentence. You are not modifying it, and to add a condition is . . . I would certainly argue is a double jeopardy violation and you are increasing the maximum sentence after it's been imposed and a court cannot increase, once a defendant is sentenced, you cannot increase the maximum sentence without violating the double jeopardy clause. And so our position with regard to that one year of supervision is that it was not ordered when he was originally sentenced and the Court cannot order it now.

The State, relying solely on RCW 9.94A.383, argued that the court had the authority to impose 1 year of community supervision. The court entered an order consistent with its oral ruling.

Morrison appeals, contending that the trial court had no statutory authority to "modify" his sentence by imposing the community supervision requirement.

---

[1] Defense counsel also argued that the trial court had no statutory authority to refuse to give Morrison credit for the 60-day suspended sentence imposed because of the treatment violation. However, because Morrison has served all of the confinement time ordered, he concedes that the legality of the length of his sentence is now moot.

RCW 9.94A.383 reads in part:

> On all sentences of confinement for one year or less, the court may impose up to one year of community supervision. An offender shall be on community supervision as of the date of sentencing. However, during the time for which the offender is in total or partial confinement pursuant to the sentence or a violation of the sentence, the period of community supervision shall toll.

We agree with Morrison that RCW 9.94A.383 does not give the trial court authority to "modify" a sentence once it is imposed. However, his argument misses the point. At the time of the revocation hearing, the trial court was not "modifying" anything. Rather, it was utilizing the SSOSA provisions of RCW 9.94A.120(7)(a)(v) to revoke the order suspending Morrison's determinate sentence and ordering execution of that sentence. In that context, the sentencing court properly determined the conditions of the sentence at the revocation hearing and was not required to do so when it suspended the sentence under the SSOSA.

To the contrary, when a court imposes a suspended sentence under SSOSA, it is required to determine only the term of imprisonment that the defendant will face if he or she violates the conditions of the suspended sentence. RCW 9.94A.120(7)(a)(ii) created a clear mandate for the court to follow when, in its discretion, it determines that an offender and society will benefit from treatment of the offender in the community. That section provides in pertinent part:

> If the court determines that this special sex offender sentencing alternative is appropriate, *the court shall then impose a sentence within the sentence range.* If this sentence is less than eight years of confinement, the court may suspend the execution of the sentence and impose . . . *conditions of suspension*[.]

(Italics ours.) The only statutory requirement for the sentence that is to be suspended is that the term of confinement within the standard sentence range be determined before that sentence is suspended. Nowhere does the SSOSA statute require the court to order any other conditions of the sentence it is about to suspend. Rather, the "conditions" to

which RCW 9.94A.120(7)(a)(ii) refers are those imposed on the *suspension* of the sentence.

■ Once the sentence is suspended, the term of confinement under that sentence does not commence unless and until the court revokes the defendant's suspended sentence. It is then that the trial court exercises its discretion to determine what other standard sentencing conditions should be imposed. As a noted commentator on the Sentencing Reform Act of 1981 described it,

> [t]he final [revocation] hearing is a two-step process. The first step, the "retrospective factual determination" of whether the claimed violation occurred, requires the state to "reasonably satisfy" the judge that the violation has occurred. The second step involves determining what the appropriate disposition should be. This decision is discretionary under this [special sexual offender sentencing] alternative, just as it was under prior law [governing suspended sentences], and thus no standard of evidentiary sufficiency is required to support the judicial determination.

(Footnote omitted.) D. Boerner, *Sentencing in Washington* § 8.8, at 8-20 (1985).

This procedure not only follows the requirements of the SSOSA provisions of the SRA; it is logical as well. At the time it imposes the initial term of confinement, the court cannot know when, if, or under what conditions it may revoke the suspended sentence. Community supervision is "a period of time during which a convicted offender is subject to crime-related prohibitions and other sentence conditions imposed by a court". RCW 9.94A.030(7). It allows the court to maintain "a separate control or check on a defendant" as an alternative to or following confinement. *See State v. Zabroski*, 56 Wn. App. 263, 266, 783 P.2d 127 (1989). It makes sense for the trial court to wait to impose a term of community supervision and attendant conditions until it can evaluate an offender's performance under a SSOSA sentence. There is often scant treatment history before the sentence is imposed, and the treatment process or the defendant's violation of a condition of the suspended sentence may reveal additional

problems that should be the subject of crime-related prohibitions when the court makes the revocation decision. The trial court obviously cannot know what these might be before the defendant begins serving the SSOSA sentence.

We therefore conclude that the Legislature did not intend to require the trial court to impose all conditions of a suspended sentence before the sentence is revoked. RCW 9.94A-.120(7)(a)(ii) only requires the court to impose a term of confinement within the standard range.

The trial court is affirmed.

COLEMAN and FORREST, JJ., concur.