969 P.2d 506 (1999)
93 Wash.App. 547
STATE of Washington, Respondent,
v.
Jerry Dale BEER, Jr., Appellant.
Nos. 22726-6-II, 22728-2-II.
Court of Appeals of Washington, Division 2.
January 8, 1999.
As Amended on Denial of Reconsideration February 12, 1999.
*507 Clayton Richard Dickinson, Fircrest, Kathleen Proctor, Pierce County Deputy Pros. Atty, Tacoma, for Appellant.
Barbara L. Corey-Boulet, Pierce County Deputy Pros. Atty, Tacoma, for Respondent.
BRIDGEWATER, J.
Jerry Dale Beer, Jr., appeals a Pierce County Superior Court order revoking a Special Sex Offender Sentencing Alternative (SSOSA) suspended sentence and imposing 29 months' confinement. We hold that when the State has filed a summons for a review hearing to review conditions of the sentence during the period of community custody (or supervision), revocation is proper even though the hearing takes place after community custody has expired. But Beer was entitled to allocution at the time of the violation hearing. The court improperly denied Beer allocution. We reverse and remand for a new sentencing hearing before a different judge.
Beer pleaded guilty to one count of rape of a child in the third degree, RCW 9A.44.079. The trial court imposed a SSOSA sentence on November 2, 1994. The court suspended the sentence and imposed conditions, including 36 months of community supervision. On October 28, 1997, Beer's community corrections officer submitted a report to the sentencing court, alleging that Beer had failed to successfully fulfill the conditions originally imposed. Beer's three-year term of community supervision was to expire on November 1, 1997. On October 29, 1997, the State filed a summons for a review hearing *508 to review the conditions of Beer's sentence. A review hearing was scheduled for November 12; but new information surfaced and the hearing was reset for November 20, and an amended treatment evaluation was filed concerning Beer's behavior with a female neighbor indicating unwanted contacts that he had withheld from disclosure. The sentencing court revoked Beer's suspended sentence at a review hearing on November 21, 1997. A commissioner of this court initially considered Beer's appeal on accelerated review, RAP 18.12. The commissioner referred the case to a panel of judges.
Former RCW 9.94A.120(7) (1994)[1] allowed sentencing courts to suspend the sentence for first-time sex offenders and impose conditions upon the offenders. One such condition included placing "the defendant on community supervision for the length of the suspended sentence or three years, whichever is greater" and ordering treatment for a period up to three years. See former RCW 9.94A.120(7)(a)(i)(A),(B).[2]

I. Revocation of Suspended Sentence
Beer contends that his revocation must occur during the period of his community supervision; otherwise, the court is left only with the remedy of imposing a 60-day incarceration sanction under RCW 9.94A.200. In Washington, the sentencing court retains jurisdiction over an offender sentenced under former RCW 9.94A.120 until the offender secures a formal certificate of discharge under RCW 9.94A.220. State v. Raines, 83 Wash.App. 312, 317, 922 P.2d 100 (1996); State v. Neal, 54 Wash.App. 760, 763, 775 P.2d 996 (1989). Thus, the sentencing court can retain jurisdiction over the offender even if the term of community supervision has expired. State v. Johnson, 54 Wash.App. 489, 491, 774 P.2d 526 (1989); Neal, 54 Wash. App. at 763, 775 P.2d 996. However, the sentencing court can only impose sanctions authorized by statute. Raines, 83 Wash. App. at 317, 922 P.2d 100 (citing State v. Ibanez, 62 Wash.App. 628, 631-32, 815 P.2d 788 (1991)).
Former RCW 9.94A.120(7)(a)(v) provided in part:
The court may revoke the suspended sentence at any time during the period of community supervision and order execution of the sentence if: (A) The defendant violates the conditions of the suspended sentence, or (B) the court finds that the defendant is failing to make satisfactory progress in treatment.
It is a well-settled canon of statutory construction that reviewing courts must consider a statute according to its plain language when its language is unambiguous and its application does not lead to absurd results. Lumberman's Inc. v. Barnhardt, 89 Wash.App. 283, 286, 949 P.2d 382 (1997); State v. Neher, 52 Wash.App. 298, 300, 759 P.2d 475, aff'd, 112 Wash.2d 347, 771 P.2d 330 (1989). Further, when terms in a statute are not defined, courts consider the terms according to their ordinary meaning which may be determined by reference to extrinsic aids such as dictionaries. Brenner v. Leake, 46 Wash.App. 852, 854-55, 732 P.2d 1031 (1987). In the instant case, the statutory language of former RCW 9.94A.120(7)(a)(v) is unambiguous. We consider it according to its plain language. The operative language in the sentencing statute, above, is "revoke... during the period of community supervision." "Community supervision" is defined as "a period of time during which a convicted offender is subject to crime-related prohibitions and other sentence conditions imposed by a court.... For first-time offenders, the supervision may include crime-related prohibitions and other conditions imposed pursuant to RCW 9.94A.120(5)." See former RCW 9.94A.030(7) (1994). "During," while not defined in the sentencing statutes, is defined by Webster's Dictionary as "throughout the continuance or course of; ... at some point in the course of." Webster's Third New International Dictionary 703 (3d ed.1969). Webster's Dictionary defines "revoke," as a verb, *509 meaning "to bring or call back." Webster's Third New International Dictionary 1944 (3d ed.1969). Thus, the statute authorizes revocation of the suspended sentence at any time in the course of the offender's time period in which he is subject to crime-related and other prohibitions.
Further, we find the court's interpretation in State v. Mortrud, 89 Wash.2d 720, 575 P.2d 227 (1978), of similar, unambiguous statutory language illuminating. In Mortrud, a probation statute, similar in language to the statute in this case, authorized the trial court "at any time during the course of probation to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence." 89 Wash.2d at 721, 575 P.2d 227 (emphasis omitted); see former RCW 9.95.230. The Supreme Court considered the plain language of the probation statute and determined that the sentencing court had no authority to revoke, modify, or change its order because the probationary period had expired. Mortrud, 89 Wash.2d at 724, 575 P.2d 227.[3] The application of the rule discourages administrative inertia. Mortrud, 89 Wash.2d at 724, 575 P.2d 227.
Further, the statutory scheme contemplates a hearing within the supervision period. Former RCW 9.94A.120(7)(a)(iv) required the sentencing court to set a termination treatment hearing three months prior to the anticipated date for completion of treatment. At the hearing, the court evaluates the offender's compliance with its required conditions and can modify the conditions of community supervision and terminate or extend treatment. See former RCW 9.94A.120(7)(a)(iv). The sentencing court failed to set and hold the mandatory hearing at which it would have evaluated Beer's compliance with the conditions previously imposed and could have modified community supervision and terminated or extended treatment.
But we follow the analysis given in State v. Hultman, 92 Wash.2d 736, 600 P.2d 1291 (1979), wherein the Supreme Court held that a revocation petition filed within the term preserved the right of the court to hold a hearing after the expiration of the probationary term.[4] The Court expressly modified its Mortrud analysis. Hultman further allowed the amendment of the petition after the term had expired. The Court held that there must be no unnecessary delay between the filing of the petition and the revocation hearing. Hultman, 92 Wash.2d at 744, 745, 600 P.2d 1291. We find no distinction between the filing of a revocation petition and a summons to review which may result in revocation; they are equivalent for this purpose. Here, the report was prepared on October 28; the summons was filed on October 29; the hearing was originally set for November 12, but finally held on November 21, 1997.
There appears to have been no unnecessary delay between the filing of the summons and the hearing. The court did not err by holding the revocation hearing after the period of community supervision had expired. Further, we find no error in the amendment of the charges forming the basis of the hearing.

II. Allocution
Beer contends that he was denied a right of allocution at the revocation hearing. Beer's counsel informed the sentencing court that Beer wished to address the court before any action was taken. The court revoked the sentence and imposed the prison term without allowing Beer to address the court. The State's position is that the right of allocution occurred at his original sentence in 1994, and that there is no right at a revocation hearing. We adopt the rationale *510 of our colleagues in Division Three in State v. Johnson, 9 Wash.App. 766, 770, 514 P.2d 1073 (1973), review denied, 83 Wash.2d 1006 (1974):
However, even though probation revocation is not a stage of criminal prosecution, when one is entitled to a full panoply of his constitutional rights, a revocation hearing may result in a loss of conditional liberty, and due process standards must be met. See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, [411 U.S. 778, 781, 36 L.Ed.2d 656, 93 S.Ct. 1756 (1973) ]. At the hearing the probationer must have an opportunity to be heard and to show, if he can, that he did not violate the conditions; or if he did, that circumstances in mitigation suggest the violation warrants action other than revocation.

(Emphasis added.)
We recognize that allocution is a statutory right that requires the court to "allow arguments from the ... offender" prior to imposing a sentence in a sentencing hearing. See RCW 9.94A.110; State v. Crider, 78 Wash.App. 849, 856, 899 P.2d 24 (1995). A revocation hearing is a sentencing hearing. The sentencing court erred in denying allocution. When allocution is denied, the remedy is to send the defendant before a different judge for a new sentencing hearing. State v. Aguilar-Rivera, 83 Wash.App. 199, 203, 920 P.2d 623 (1996). Beer may exercise his right to allocution, i.e., present any circumstances in mitigation of the sanction of revocation.
Reversed and remanded for resentencing before a different judge.
HOUGHTON, C.J., and SEINFELD, J., concur.
NOTES
[1] Beer was sentenced under SSOSA, former RCW 9.94A.120(7), which was redesignated as RCW 9.94A.120(8). See Laws of 1995, ch. 108, § 3. References to this section will be to former RCW 9.94A.120(7).
[2] RCW 9.94A.120(8) changed former RCW 9.94A.120(7) to provide for "community custody" instead of "community supervision."
[3] Former RCW 9.95.230 was amended in 1982. The amendment stated that "the court shall have authority at any time prior to the entry of an order terminating probation to: (1) revoke, modify, or change its order of suspension of imposition or execution of sentence[t]." RCW 9.95.230. State v. Alberts, 51 Wash.App. 450, 754 P.2d 128, review denied, 111 Wash.2d 1006 (1988), reflects the change in statutory language and intent.
[4] See State v. Godwin, 57 Wash.App. 760, 763, 790 P.2d 641, review denied, 115 Wash.2d 1006, 795 P.2d 1157 (1990) (court relied upon and adopted reasoning and construction of language from pre-Sentencing Reform Act of 1981(SRA) case in deciding case involving SRA provisions relating to same language).