[No. 47863-0-I.   Division One.   March 11, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTHONY DARNELL SNOW, *Appellant*.

*Cheryl D. Aza* and *Sharon J. Blackford* (of *Washington Appellate Project*), for appellant.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

PER CURIAM — Anthony Snow appeals his conviction for second degree rape and life sentence under the Persistent Offender Accountability Act (POAA), contending the trial court erred in admitting his custodial statements and violated due process by failing to require the State to prove lack of consent. He also argues that the sentencing procedures under the POAA violate due process and his constitutional right to meaningful allocution. In the published portion of this opinion, we first affirm Snow's sentence because the POAA violated neither due process nor the right to allocution. In the unpublished portion of this opinion, we affirm Snow's conviction, finding that he unequivocally waived his *Miranda*[1] rights and that the trial court did not violate due process in failing to instruct the jury that the State must prove the lack of consent.

## SENTENCING ISSUES

Anthony Snow was charged and convicted of second degree rape.[2] At sentencing, the trial court found Snow to

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[2] RCW 9A.44.050(1)(a).

be a persistent offender because it was his second conviction for a sex offense,[3] and because it was his third conviction for a most serious offense.[4] Based on this, the court imposed life without parole as required by the POAA.[5]

Snow argues that the POAA violated his due process right to allocution. He reasons that because a life sentence was mandatory once the jury found him guilty, the right to allocution before the judge imposed sentence was meaningless because he could say nothing in mitigation of sentence. Contrary to Snow's argument, allocution in Washington is a statutory, rather than a constitutional, right.[6] Thus, Snow's reliance on *State v. Happy*[7] and *Green v. United States*[8] is misplaced. In *Green*, the right to allocution stemmed from Federal Rule of Criminal Procedure 32(a). That rule does not apply in Washington. *State v. Happy* involved the defendant's right to "present any information in mitigation of punishment" under former CrR 7.1(a)(1). In 1984, current CrR 7.2 replaced former CrR 7.1. The new rule is silent on the issue of allocution.

At Snow's sentencing hearing, former RCW 9.94A.110 (2000), which is part of the Sentencing Reform Act, provided the sole basis for the right to allocution. That statute required the sentencing court to allow arguments from "the prosecutor, the defense counsel, the offender ... as to the sentence to be imposed."[9] Here, Snow was afforded the right granted by RCW 9.94A.110 to argue "as to the

---

[3] Former RCW 9.94A.030(29)(b) (1999) ("Two Strikes").

[4] Former RCW 9.94A.030(29)(a) (1999) ("Three Strikes").

[5] Former RCW 9.94A.120(4) (2000).

[6] *In re Pers. Restraint of Echeverria*, 141 Wn.2d 323, 6 P.3d 573, 580 (2000).

[7] 94 Wn.2d 791, 620 P.2d 97 (1980) (analyzing right to allocution under former CrR 7.1).

[8] 365 U.S. 301, 304, 81 S. Ct. 653, 5 L. Ed. 2d 670 (1961) (analyzing right to allocution under Fed. R. Crim. P. 32(a)).

[9] Former RCW 9.94A.110 (2000) was recodified in 2001 as RCW 9.94A.500(1).

sentence to be imposed," and he declined an invitation to personally address the court. The court then imposed the sentence required by the Sentencing Reform Act of 1981 and the POAA. Snow was afforded his statutory right to allocution.

■ Snow also argues that the POAA violates federal procedural due process because it did not require the State to plead his prior "strike" convictions and prove them to a jury beyond a reasonable doubt.[10] Our Supreme Court has considered and rejected this argument, most recently in *State v. Wheeler*.[11] Because of this, we affirm Snow's sentence.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

We affirm.

Review denied at 147 Wn.2d 1017 (2002).

---

[10] Snow has not adequately briefed the state constitution.

[11] 145 Wn.2d 116, 34 P.3d 799 (2001) (refusing to overrule *State v. Manussier*, 129 Wn.2d 652, 683, 921 P.2d 473 (1996); *State v. Rivers*, 129 Wn.2d 697, 712, 921 P.2d 495 (1996); and *State v. Thorne*, 129 Wn.2d 736, 779-84, 921 P.2d 514 (1996)).