[No. 21749-3-III. Division Three. March 18, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL CHRISTOPHER CANFIELD, *Appellant*.

*Janet G. Gemberling*, for appellant.

*John D. Knodell, Prosecuting Attorney*, and *Teresa J. Chen, Deputy*, for respondent.

SCHULTHEIS, J. — An offender facing revocation of a suspended sentence under the special sex offender sentencing alternative (SSOSA) is entitled to the right of allocution. *State v. Beer*, 93 Wn. App. 539, 546, 969 P.2d 506 (1999). Because Mr. Canfield was not given an opportunity to exercise that right, we reverse the court's revocation order and remand for a new revocation hearing.

## FACTS

Michael Canfield pleaded guilty to two counts of first degree child molestation. The court imposed a sentence of 89 months. The court suspended all but six months of his confinement under SSOSA. The terms of Mr. Canfield's suspended sentence included outpatient sex offender treatment and "absolutely no contact" with the victims or their families. Clerk's Papers at 10. Approximately one year into the suspended sentence, Community Corrections Officer Stephanie Canterbury filed a notice of violation. Her report alleged two violations: (1) failure to make satisfactory progress in sex offender treatment and (2) contact with a member of the victim's family.

At the revocation hearing the court found that Mr. Canfield violated the provisions of his SSOSA sentence and revoked the SSOSA suspended sentence, imposing the

terms of the original sentence. Mr. Canfield was not invited to make a statement before the court decided to revoke.

Mr. Canfield appeals. He claims he was denied the right to allocution. We agree and reverse.[1]

## DISCUSSION

■ SSOSA SENTENCE. "SSOSA provides that a sentencing court may suspend the sentence of a first time sexual offender if the offender is shown to be amenable to treatment. SSOSA requires the offender to be released into community custody and to receive up to three years of outpatient or inpatient sexual deviancy treatment." *State v. Dahl*, 139 Wn.2d 678, 682-83, 990 P.2d 396 (1999). A SSOSA sentence may be revoked at any time if there is proof to reasonably satisfy the court that the offender has violated a condition of the suspended sentence or failed to make satisfactory progress in treatment. RCW 9.94A.670(10); *State v. Badger*, 64 Wn. App. 904, 908, 827 P.2d 318 (1992) (quoting *State v. Kuhn*, 81 Wn.2d 648, 650, 503 P.2d 1061 (1972)).

■ ALLOCUTION. A SSOSA revocation hearing is a "sentencing hearing" within the meaning of RCW 9.94A.500(1), which requires the court to " 'allow arguments from the . . . offender' prior to imposing a sentence in a sentencing hearing." *Beer*, 93 Wn. App. at 546 (quoting former RCW 9.94A.110 (1998), *recodified as* RCW 9.94A.500). An offender facing a SSOSA revocation has the same rights of allocution as a defendant facing initial sentencing. *Beer*, 93 Wn. App. at 546.

In *Beer*, the offender specifically asked to address the court before any action was taken. *Id.* at 545-46. For reasons not explored in the opinion, the trial judge revoked the SSOSA sentence without allowing the offender to address the court. *Id.* at 546. No such request was made here. But no such request is necessary. The offender must be

[1] Since this issue is dispositive, we do not address Mr. Canfield's other contentions.

specifically invited to speak before the court renders a decision. *State v. Crider*, 78 Wn. App. 849, 860-61, 899 P.2d 24 (1995).

HARMLESS ERROR. Some cases have held that unintentional failure by the trial court to allow allocution is not necessarily reversible error when the ultimate sentence is at or below the allowable minimum. *See State v. Gonzales*, 90 Wn. App. 852, 855, 954 P.2d 360 (1998) (holding that no prejudice resulted from the inadvertent failure to allow allocution because the defendant received the lowest possible standard range sentence); *State v. Avila*, 102 Wn. App. 882, 897-98, 10 P.3d 486 (2000) (holding trial court's failure to provide an opportunity to address the court was harmless error because the juvenile's mother spoke on his behalf, his sentence was well below the statutory maximum and had likely already been served).

■ The State argues that any failure to invite Mr. Canfield to address the court was harmless error because the court had no sentencing discretion; allocution would not have been beneficial since the court could decide only whether or not to revoke the SSOSA suspended sentence. First, that is incorrect. When a SSOSA sentence is suspended, the court has discretion as to how violations will be punished. *State v. Daniels*, 73 Wn. App. 734, 737, 871 P.2d 634 (1994); *see* RCW 9.94A.634(1) (providing that in any sentence "[i]f an offender violates any condition or requirement of a sentence, the court *may* modify its order of judgment and sentence and impose further punishment in accordance with this section" (emphasis added)). The court may revoke the suspended sentence or impose a jail term of up to 60 days per violation. RCW 9.94A.634(3)(c); *Daniels*, 73 Wn. App. at 736; *Badger*, 64 Wn. App. at 909-10. Second, the decision whether to revoke is, in and of itself, discretionary. *Daniels*, 73 Wn. App. at 737; *Badger*, 64 Wn. App. at 908.

■ Mr. Canfield received the greatest penalty the court was empowered to give at that juncture—revocation of his suspended sentence and imposition of the terms of that

sentence. The error cannot be harmless. *See, e.g., State v. Roberson*, 118 Wn. App. 151, 161, 74 P.3d 1208 (2003) (holding failure to invite juvenile to exercise right of allocution is not harmless where punishment is a high-end manifest injustice disposition rather than a low-end one).

 REMEDY. When a court denies allocution, the remedy is to reverse the disposition and send the defendant before a different judge for a new sentencing hearing. *Beer*, 93 Wn. App. at 546 (citing *State v. Aguilar-Rivera*, 83 Wn. App. 199, 203, 920 P.2d 623 (1996)). Here, the court found that Mr. Canfield had violated the terms of his SSOSA sentence. The State argues that this determination is separate from the revocation. In other words, the right to allocution attaches *after* the violation determination but *before* the punishment rendered. But the court made both the determination that a violation occurred and revoked the SSOSA sentence at the same time, almost in the same breath.

The right to allocution requires that the offender " 'must have an opportunity to be heard and to show, if he can, that he did not violate the conditions; or if he did, that circumstances in mitigation suggest the violation warrants action other than revocation.' " *Beer*, 93 Wn. App. at 546 (emphasis omitted) (quoting *State v. Johnson*, 9 Wn. App. 766, 770, 514 P.2d 1073 (1973)). The denial of the right to allocution is so bound to the fact-finding process that remand must be made for the entire hearing.

This is true even though Mr. Canfield was invited to testify. The opportunity to exercise the right to allocution is separate from and in addition to the right to present testimony. *State v. Happy*, 94 Wn.2d 791, 793, 620 P.2d 97 (1980).

## CONCLUSION

Mr. Canfield was denied his right to allocution. We therefore reverse and remand for a new SSOSA revocation hearing before a different judge.

KATO, A.C.J., concurs.

SWEENEY, J. (dissenting) — I disagree with the court's analysis and the conclusion it reaches today in this case. I therefore respectfully dissent.

First, there is no constitutional right to allocution. *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *State v. Snow*, 110 Wn. App. 667, 669, 41 P.3d 1233, *review denied*, 147 Wn.2d 1017 (2002). Because the error is not of constitutional magnitude, it seems to me that Michael Canfield should at a minimum be required to ask for his statutory right of allocution before the court reverses this revocation decision. On this point, his case is distinguishable from *State v. Beer*.[2] There, "Beer's counsel informed the sentencing court that Beer wished to address the court before any action was taken. The court revoked the sentence and imposed the prison term without allowing Beer to address the court." *State v. Beer*, 93 Wn. App. 539, 545-46, 969 P.2d 506 (1999).

Next, we do not consider even constitutional errors for the first time on appeal unless the error is manifest. *State v. McDonald*, 138 Wn.2d 680, 691, 981 P.2d 443 (1999). And by that we mean that the appellant must show that the denial of the constitutional right would have made some difference. *State v. Madison*, 53 Wn. App. 754, 763, 770 P.2d 662 (1989) (citing *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)). There has been no such showing here.

Finally, I question the analysis and the holding in *Beer*. That court proceeds on the assumption that a revocation hearing is a sentencing hearing. *Beer*, 93 Wn. App. at 546. A revocation hearing is not a sentencing hearing; it is a revocation hearing. And the due process rights implicated

---

[2] *State v. Beer*, 93 Wn. App. 539, 969 P.2d 506 (1999).

are different than those at a trial. *State v. Dahl*, 139 Wn.2d 678, 683, 990 P.2d 396 (1999).

*Beer* relies on a case authored by Judge McInturff of this court, *State v. Johnson*.[3] *Johnson*, in turn, relied upon comments by Justice Benjamin Cardozo in *Escoe v. Zerbst*, 295 U.S. 490, 493, 55 S. Ct. 818, 79 L. Ed. 1566 (1935). There, the Court, Justice Cardozo writing, recognized that a probation revocation hearing differed in many respects from a full blown criminal trial and articulated the necessary due process rights:

> "Clearly the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation. The charge against him may have been inspired by rumor or mistake or even downright malice. He shall have a chance to say his say before the word of his pursuers is received to his undoing."

*State v. Johnson*, 9 Wn. App. 766, 769-70, 514 P.2d 1073 (1973) (quoting *Escoe*, 295 U.S. at 493). Here, Superior Court Judge Evan E. Sperline offered Mr. Canfield just that. He was invited to testify and after conferring with his attorney declined the invitation. Report of Proceedings at 32.

I would not reverse and remand for a new special sex offender sentencing alternative revocation hearing based upon a statutory right that Mr. Canfield neither requested nor asserted in front of the trial judge. Again, for me, this is a waste of judicial resources. *State v. Crider*, 78 Wn. App. 849, 863, 899 P.2d 24 (1995) (Sweeney, J., dissenting).

Review granted at 152 Wn.2d 1028 (2004).

---

[3] *State v. Johnson*, 9 Wn. App. 766, 514 P.2d 1073 (1973).