# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

             v.

MARIAH LOVREE KNIGHT,

                Appellant.

No. 75648-6-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 14, 2016

TRICKEY, A.C.J. — Mariah Knight appeals the trial court's decision to terminate her participation in a drug court program. She contends the trial court abused its discretion because it did not look at the underlying facts of her violations of a drug court contract. The record shows that the trial court's exercise of discretion was not arbitrary or capricious. We affirm.

## FACTS

Knight was charged with possession of stolen mail and possession of methamphetamine. In July 2015, she signed a drug court contract, and the trial court allowed her to enter a drug court program in Thurston County. A week later, the court sanctioned Knight with six days of detention because she missed two urinalyses and failed to appear for a court hearing.

In September 2015, the State petitioned the court to terminate Knight's participation in the program because she had had multiple positive urinalyses and had failed to appear at her drug court review hearing. Knight did not contest the factual allegations, but asked the court to allow her to enter a chemical dependency program. The State deferred to the chemical dependency program, which did not support Knight's request.

The court terminated her from the program, noting that this was a "simple call" because she had not "been participating in the program."[1] The court found her guilty on both charges.

Knight appeals her termination from the drug court program.

ANALYSIS

Termination from Drug Court

Knight contends that the trial court abused its discretion because it did not discuss the facts underlying Knight's failure to comply with the drug court contract. Because the trial court indicated it understood the factual basis for terminating Knight from the drug court program, we disagree.

Before terminating a participant from drug court, the court must provide notice and a hearing. State v. Cassill-Skilton, 122 Wn. App. 652, 658, 94 P.3d 407 (2004). The State must show the participant's noncompliance with the agreement by a preponderance of the evidence. State v. Varnell, 137 Wn. App. 925, 929, 155 P.3d 971 (2007).

Both parties assert that the trial court has the discretion whether to terminate the participant from the program. We agree. The trial court's role in deciding whether to terminate a participant from drug court is analogous to its role in "evaluating alleged probation violations." Cassill-Skilton, 122 Wn. App. at 658. That decision is left to the trial court's discretion. State v. Kuhn, 81 Wn.2d 648, 650, 503 P.2d 1061 (1972). Similar decisions, including whether to revoke a suspended sentence and whether a juvenile has complied with a deferred

---

[1] Report of Proceedings (RP) (Sept. 11, 2015) at 9.

disposition order, are also left to the court's discretion.[2] State v. Badger, 64 Wn. App. 904, 908, 827 P.2d 318 (1992) (suspended sentence); State v. J.A., 105 Wn. App. 879, 887, 20 P.3d 487 (2001) (deferred disposition order).

A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. State v. Neal, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001).

Here, Knight did not deny that she violated the terms of her drug court contract by failing to appear for court and having two positive urinalyses. The drug treatment program informed the court that it did not support admitting Knight to a chemical dependency program. The court noted that Knight had gone "on warrant status" shortly after joining the program, before deciding to terminate Knight from drug court:

> THE COURT: . . . I mean zero disrespect to you, Ms. Knight, but this is a pretty simple call. You just haven't been participating in the program. So the Court will terminate Ms. Knight.[3]

Knight argues that the court needed to discuss the underlying facts of the case or analyze why terminating her from the program was the best option. Nothing requires the court to make detailed findings on those issues. The court's oral ruling shows why it decided to terminate Knight from the program: she was not participating in treatment. There was no abuse of discretion.

---

[2] The statute currently governing therapeutic courts, including drug courts, explicitly leaves the admittance to and administration of the therapeutic court to that court's discretion. RCW 2.30.030(2) (LAWS OF 2015, ch. 291, § 3). This new statute went into effect July 24, 2015, just after Knight entered drug court. Neither party cites it as controlling.
[3] RP (Sept. 11, 2015) at 8-9.

## Appellate Costs

Knight requests that this court not impose appellate costs if the State substantially prevails. The State did not respond to her request. The Court of Appeals may exercise its discretion not to impose appellate costs. State v. Sinclair, 192 Wn. App. 380, 389, 367 P.3d 612, review denied, 185 Wn.2d 1034, 377 P.3d 733 (2016). The appellant's ability to pay is an important factor to consider. Sinclair, 192 Wn. App. at 389. Knight was found indigent for the purpose of this appeal. The trial court, in deciding whether to impose discretionary legal financial obligations, determined that Knight had a limited ability to pay now or in the near future. For that reason, we exercise our discretion not to impose appellate costs.

Affirmed.

Trickey, ACJ

WE CONCUR: