[No. 11615–4–II.   Division Two.   June 14, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD F. JOHNSON, *Appellant.*

*Jeffrey D. Gross,* for appellant (appointed counsel for appeal.)

*John W. Ladenburg, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for respondent.

REED, J.—Edward Johnson challenges the sentencing court's imposition of a sanction of 60 days in the Pierce County Jail for violations of the requirements and conditions of his sentence under RCW 9.94A.200.[1] He contends that the court's jurisdiction ended with the expiration of the period of his community supervision, and that the court lacked authority to sanction him several months after that period. We disagree, and affirm.

Edward Johnson was charged with second degree rape by information filed on April 6, 1985. After pleading guilty to the reduced charge of third degree rape, Johnson was sentenced on July 2, 1985, under the special sexual offender sentencing alternative, RCW 9.94A.120(7), to 50 days in the Pierce County Jail (with credit for 20 days already served and the remaining 30 days converted to 240 hours of community service to be completed within 2 years), 2 years of outpatient sexual offender treatment, 2 years of community supervision, and other conditions, fees, fines, and restitution.

Toward the end of his period of community supervision, Johnson failed to attend several sessions of sexual deviancy therapy. Additionally, he failed to pay some of his fees and had completed only 217 of the 240 hours of community service required of him. On June 11, 1987, the Department of Corrections filed a notice of violation report detailing these violations. Despite the sentencing court's June 17,

---

[1] RCW 9.94A.200 reads in part:

"(1) If an offender violates any condition or requirement of a sentence, the court may modify its order of judgment and sentence and impose further punishment in accordance with this section."

1987, request for further action, nothing more was done until after the defendant's 2–year period of community supervision ended on July 2, 1987.

The defendant was served with a bench warrant for his arrest on November 12, 1987, and a hearing was held on November 17, 1987. In that hearing, Johnson asserted that the court lacked jurisdiction to impose sanctions on him or otherwise modify his sentence because the period of his sentence had expired. In support of his argument, the defendant maintains that community supervision under the SRA serves the same purpose as probation under prior law, and points to the pre–SRA rule that the sentencing court's jurisdiction to modify probation ended with the probationary period. *See State v. Mortrud,* 89 Wn.2d 720, 575 P.2d 227 (1978). Therefore, he reasons that the same rule should apply under the SRA.

The defendant's argument ignores the fact that he received a *sentence,* the requirements of which he did not meet, rather than probation. We believe that, in the absence of statutory language indicating otherwise, a sentencing court has jurisdiction to enforce the requirements of a sentence imposed until those requirements are met and/or a certificate of discharge is provided to the offender upon completion of his or her sentence under RCW 9.94A-.220.

RCW 9.94A.200, which authorizes the court to impose sanctions on an offender for violations of the requirements or conditions of a sentence, imposes no limitation on the jurisdiction of the sentencing court.[2] We see no reason to create limitations judicially. The fact of the matter is that

---

[2]This fact distinguishes modification of a *sentence* under RCW 9.94A.200 from modification of *probation* under former RCW 9.95.230. Former RCW 9.95-.230 contained language to the effect that the court had authority to revoke, modify, or change a sentence "*during the course of* probation . . .," (italics ours) which the *Mortrud* court relied on when announcing the above cited rule that jurisdiction ended with the expiration of the probationary period. *State v. Mortrud,* 89 Wn.2d at 721; *see also State v. Alberts,* 51 Wn. App. 450, 453–54, 754 P.2d 128, *review denied,* 111 Wn.2d 1006 (1988), for a discussion of the effect of changes to former RCW 9.95.230 on the jurisdictional rule.

Johnson has not fully served his sentence. RCW 9.94A.200 sets forth the sentencing court's options under these circumstances. The sentencing court here acted within the scope of its authority under the statute, and the defendant's sentence to 60 days as a sanction for violating the requirements of his sentence was entirely appropriate.

Affirmed.

ALEXANDER, C.J., and WORSWICK, J., concur.