[No. 25670-0-I. Division One. July 22, 1991.]

THE STATE OF WASHINGTON, *Appellant*, v. JAIME PIDERE IBANEZ, *Respondent*.

---

*Norm Maleng, Prosecuting Attorney,* and *Michele Shaw* and *Rebecca J. Roe, Deputies,* for appellant.

*Colin C. Kippen,* for respondent.

BAKER, J. — The State appeals an order extending Jaime Pidere Ibanez's community supervision under the special sexual offender sentencing alternative (SSOSA).

Ibanez pleaded guilty in August 1987 to two counts of statutory rape in the second degree. Because of his limited criminal history, the court suspended his sentence of 27 months on each count under former RCW 9.94A-.120(7)(a). The court imposed several conditions on the suspended sentence, including 90 days' confinement with work release allowed, 24 months of community supervision, no contact with minors, and treatment as follows: "Defendant shall remain in, make reasonable progress and successfully complete outpatient sexual deviancy treatment, during the period of community supervision . . .".

In January 1990, the State sought revocation of the suspension, alleging that Ibanez had violated the conditions of the suspension by "[f]ailing to make reasonable progress and remain in court-ordered treatment until successful completion."

At the sentence modification hearing, Ibanez's counselor indicated by letter that no amount of therapy would change Ibanez's basic sociopathic personality structure, but he did not opine whether Ibanez was likely to reoffend. The community correction officer testified that

2 years was not sufficient time for treatment since Ibanez was just beginning to realize the depth of his deviancy. She further pointed out that Ibanez's progress had been impeded by his difficulty with the English language. The community correction officer recommended continuation of community supervision for an additional year.

The trial court found that Ibanez was progressing in treatment, had not successfully completed deviancy treatment, but had *not* violated the conditions of probation. The court ordered 1 more year of community supervision and treatment. The State filed this timely appeal.

The State contends the trial court lacked authority to extend community supervision for another year when Ibanez failed to complete his treatment program successfully in 2 years. The State is correct.

■■ Former RCW 9.94A.120(7)(a) provides a special sentencing alternative for first-time sex offenders. Although the Sentencing Reform Act of 1981 (SRA) generally rejects the rehabilitative ideal and abolishes suspended sentences, this statute permits the court to suspend an offender's sentence and impose certain conditions on that suspension. *See* D. Boerner, *Sentencing in Washington* § 8.1 (1985). If the conditions are violated, the statute provides that "the court may revoke the suspension and order execution of the sentence." Former RCW 9.94A.120(7)(a)(vi). In 1990, the Legislature revised this statute to provide that "[t]he court shall place the defendant on community supervision for the length of the suspended sentence or three years, whichever is greater" and shall order treatment for up to 3 years, rather than the 2 years formerly permitted. RCW 9.94A.120(7)(a)-(ii)(A), (B). Further, the revisions provide for a treatment termination hearing at which the court has the option to "(A) [m]odify conditions of community supervision, and either (B) terminate treatment, or (C) extend treatment for up to the remaining period of community supervision."

RCW 9.94A.120(7)(a)(iv). This language was not present in the former statute.

*State v. Shove*, 113 Wn.2d 83, 89, 776 P.2d 132 (1989) held that "SRA sentences may be modified only if they meet the requirements of the SRA provisions relating directly to the modification of sentences." In *Shove*, the Supreme Court reversed the trial court's sentence modification, which permitted Shove's release after she had served only 5 months of a 12-month sentence. The SRA, the court noted, allows modification of sentences only in "specific, carefully delineated circumstances." *State v. Shove*, 113 Wn.2d at 86.

Ibanez argues that the extension of his community supervision is justified under *State v. Johnson*, 54 Wn. App. 489, 774 P.2d 526 (1989). In *Johnson*, the trial court's sanctions of the offender sentenced under SSOSA were upheld even though the sanctions were imposed after the expiration of a 2-year term of community supervision. The appellate court explained that jurisdiction to enforce the requirements of a sentence continues until the requirements are met and/or a certificate of discharge is issued under RCW 9.94A.220. *State v. Johnson*, 54 Wn. App. at 491; *State v. Neal*, 54 Wn. App. 760, 763, 775 P.2d 996 (1989).

*Johnson* is distinguishable from the case sub judice. The sanctions imposed in *Johnson* consisted of 60 days' confinement, a result clearly permitted under the former statutory language, which provided that if the offender violated the sentence conditions, "the court may revoke the suspension and order execution of the sentence." Former RCW 9.94A.120(7)(a)(vi).

Similarly, the trial court in *State v. Vinge*, 59 Wn. App. 134, 795 P.2d 1199 (1990), *review denied*, 116 Wn.2d 1006 (1991) sanctioned the defendant after expiration of the 2-year treatment period, but the sanction of revoking the deferred prosecution was clearly provided for by statute. The appellate court noted that the trial court's jurisdic-

tion continued until proof of successful completion of the 2-year program.

Thus, while the trial court here retained jurisdiction to take action, the actions permitted under the former statute did not include extension of community supervision beyond 2 years. The trial court therefore erred.

Since the trial court explicitly found there had been no violation of the conditions of community supervision, we reverse and remand for entry of an order terminating community supervision.

PEKELIS and KENNEDY, JJ., concur.