[No. 36187-2-I.    Division One.    August 12, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v.
DAVID RAINES, *Appellant*.

*Kitteridge Oldham*; and *Jonathan T. Stier, Eric Broman*, and *Nielsen & Acosta*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Robert Reichling, Deputy*, for respondent.

PER CURIAM — David Raines appeals the order modifying his sentence and ordering him to serve 240 days in jail based on six violations of community placement. Five of those violations were for violating the condition to "obey all laws." The State correctly concedes the court exceeded its statutory authority by imposing this condition and therefore erred by punishing Raines for it. Regarding the sixth violation, the conditions of community placement did *not* include a prohibition against alcohol consumption.

Thus, the court erred by punishing Raines for that violation. Finally, the court exceeded its statutory authority by extending the one-year term of community placement.

We accelerate review under RAP 18.12 and reverse and vacate the modified judgment and sentence.

## Violations of conditions of community placement

David Raines pleaded guilty to two counts of possession of cocaine. The concurrent standard range sentences included a one-year term of community placement, which included the condition to "obey all laws."

Several weeks before the one-year term lapsed, a hearing took place to determine whether Raines had violated the sentence conditions by failing to participate in treatment and to perform community service hours. The court found that Raines had not completed treatment, but that the failure was not willful. Noting that community placement was nearly over, the court asked whether it had authority to extend the term. Defense counsel questioned the court's authority to do so. But the prosecutor assured the court it could because Raines had violated the conditions. The court extended community placement for another year and ordered Raines to follow through with the treatment recommended.

Several months later, a review hearing took place. The court found that Raines had completed all but 8 hours of community service and gave him another 30 days to complete it. Apparently Raines did because the hours were never at issue again. The court ordered Raines to enter and complete treatment.

On January 26, 1995, a final hearing took place on allegations that Raines had failed to complete treatment, had consumed alcohol, and had committed five new law violations. The law violations involved assault against his girlfriend and violation of a no-contact order. The court found Raines had committed six violations—five for fail-

ure to obey all laws and one for consuming alcohol. The court made no finding regarding Raines' completion of treatment. The court modified the sentence and imposed six consecutive jail terms for a total of 240 days.

## The appeal is not moot

Raines has served the entire modified sentence and the extended term of community placement ended in March 1995. Thus, the State argues that the appeal is moot. *Marriage of T.*, 68 Wn. App. 329, 336, 842 P.2d 1010 (1993) (appeal is moot if court cannot provide effective relief and the issue is purely academic). We disagree.

■■ If the modified sentence remains intact, it could affect future sentencing decisions should Raines reoffend. When faced with this order finding Raines in violation for six separate conditions, a future sentencing court could impose additional demanding conditions of community placement. Likewise, the modified sentence could sway a future sentencing court to impose the high end of the standard range. Finally, the modified sentence potentially affects Raines' offender score. Under the Sentencing Reform Act, prior offenses "wash out" if the defendant is conviction-free for specified periods following the "last date of release." RCW 9.94A.360(2). By invalidating the modified sentence, the last date of release would be adjusted by over two years, back to Raines' initial release in March 1993, rather than August 1995 when he was released from the 240-day jail sentence. While we recognize that Raines has not been conviction free—at least one of the assaults here resulted in a conviction—the potential impact on his future offender score remains. For these reasons, a successful appeal provides Raines effective relief.

## Condition to "obey all laws"

Under former RCW 9.94A.120(8)(a), the court was

required to impose community placement. Here, in addition to the mandatory statutory conditions, the court further ordered Raines to "obey all laws."

Raines argues the court exceeded its statutory authority by ordering him to obey all laws. Because the court did not have authority to impose the condition in the first place, Raines argues the court erred by sanctioning him for violating the condition.

■ The State correctly concedes error. This court has invalidated a similar order (order not to "violate any local, state or federal criminal statute, law or ordinance") imposed as a condition of community supervision. *State v. Barclay*, 51 Wn. App. 404, 753 P.2d 1015, *review denied*, 111 Wn.2d 1010 (1988). Because the condition Raines violated was not authorized, the court exceeded its statutory authority by sanctioning Raines for the violation.

Condition to consume no alcohol

■ The last violation for which the court modified the sentence was for "consumption of alcohol." Former RCW 9.94A.120(8)(a) authorized discretionary conditions of community placement, including forbidding consumption of alcohol. Although authorized to do so, however, the court did *not* impose this special condition on Raines.

The SRA allows a court to impose sanctions only if an offender fails to comply with a condition of the sentence. RCW 9.94A.200(2). Because Raines' community placement did not include a prohibition against alcohol consumption, the court exceeded its authority by punishing Raines for violating the condition.

Extension of one-year term

Raines argues that the court exceeded its statutory authority by extending the one-year term of community placement. We agree.

■■ The court may lengthen the statutory term of

community placement if it imposes an exceptional sentence. *State v. Guerin*, 63 Wn. App. 117, 119-21, 816 P. 2d 1249 (1991), *review denied*, 118 Wn.2d 1015, 827 P.2d 1011 (1992). Otherwise, the court's power to impose community placement is limited to the authority granted by the SRA. *State v. Skillman*, 60 Wn. App. 837, 838, 809 P.2d 756 (1991), *review denied*, 114 Wn.2d 1009 (1990).

Here, the court did not impose an exceptional sentence. Instead, the court extended the term just before it lapsed because Raines had committed non-willful violations of the treatment conditions. The SRA does not authorize such an extension.

Granted, the SRA authorizes a court to *enforce* a sentence until the requirements are met or the defendant obtains a formal discharge. RCW 9.94A.220. Thus, the court retains jurisdiction to take action on violations of community placement even after the term has expired. *See e.g., State v. Neal*, 54 Wn. App. 760, 775 P.2d 996 (1989) (Court held a violation hearing well past expiration of the community supervision term. Because defendant violated conditions, the court had authority to impose sanctions.) That enforcement action, however, is limited to the sanctions authorized by statute. *State v. Ibanez*, 62 Wn. App. 628, 631-32, 815 P.2d 788 (1991). No statute grants the court authority to extend the term of community placement as a sanction.

Thus, the court erred by extending the term of community placement. The modified sentence rested on six violations, five of which took place after the one-year term lapsed. Because the court lacked authority to extend the term, it also lacked authority to penalize Raines for violations of conditions during that time.

We reverse and vacate both the order finding Raines in violation of the conditions of community placement and the order modifying the judgment and sentence.