[No. 46014-5-I.  Division One.  April 23, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. KEVIN KISTNER, *Appellant.*

*Thomas M. Kummerow* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Lisa D. Johnson, Deputy*, for respondent.

Cox, J. — The Department of Corrections (DOC) sanctioned Kevin Kistner for violating the conditions of his Special Sex Offender Sentencing Alternative (SSOSA) suspended sentence. Later, the trial court revoked Kistner's suspended sentence based on the same violations. Does RCW 9.94A.120(8)(a)(v) preclude a trial court from revoking a suspended sentence for violation of conditions once the DOC imposes administrative sanctions for violation of those same conditions? Because the plain words of the governing statutes show that the trial court is not so precluded, we affirm.

In November 1998, Kevin Kistner pleaded guilty to one count of rape of a child in the first degree. The trial court suspended his standard range sentence of 93 months under SSOSA. The suspension was subject to Kistner's compliance with several conditions imposed by the court. The conditions at issue here include community supervision for the length of the suspended sentence, making "reasonable progress" in a sexual offender treatment program, prohibition from the use of drugs and alcohol, and prior approval of a Community Corrections Officer (CCO) for change of residence.

Kistner started treatment in December 1998 under the direction of Susan Moores of Althean and Associates. In September 1999, Moores terminated Kistner from the treatment program. She cited, among other things, his failure to comply with certain treatment conditions. A month later, the King County prosecutor scheduled a hearing to revoke Kistner's SSOSA and sent notices of that hearing to Kistner and DOC. Kistner failed to appear and the trial court issued a warrant for his arrest. It later appeared that Kistner went to Arizona where he overdosed on heroin in a suicide attempt. In December 1999, Kistner was released from a hospital in Arizona and returned to

Washington where he surrendered to his CCO.

Unbeknownst to the King County prosecutor or the trial court, DOC held an administrative hearing on December 15, 1999 to address Kistner's alleged violations of his SSOSA. The violations included failure to abide by sexual deviancy treatment, failure to pay court-ordered legal financial obligations, leaving Washington without the permission of the CCO, and consuming a controlled substance. Kistner pleaded guilty to all four violations. The DOC hearing examiner imposed 30 days of confinement as a sanction for his violations and ordered Kistner to pay his financial obligations and complete a psychological evaluation.

The King County prosecutor learned of the administrative hearing in January 2000, and moved to revoke Kistner's SSOSA. Kistner moved to dismiss the State's motion to revoke, arguing that DOC's imposition of sanctions divested the trial court of jurisdiction to further sanction him. The trial court denied the motion. It also found that Kistner had violated the conditions of his SSOSA and imposed the previously suspended sentence of 93 months.

Kistner appeals.

## Revocation of Suspended Sentence

Kistner argues that the trial court lacked authority to revoke his suspended sentence based on violations of his SSOSA conditions because the DOC had already sanctioned him for those same violations under RCW 9.94A-.120(8)(a)(v). We disagree.

A statute that is plain on its face is not subject to construction.[1] All of the language used in the statute must be given effect, with no portion rendered meaningless or superfluous.[2] We avoid interpretations that are forced,

---

[1] *State v. Nolan*, 141 Wn.2d 620, 625, 8 P.3d 300 (2000).

[2] *In re Detention of Petersen*, 138 Wn.2d 70, 92, 980 P.2d 1204 (1999).

unlikely, or strained.[3] We will harmonize the provisions of statutes covering the same subject matter.[4] The issue presented here involves the application of a statute to a specific set of facts, which we review de novo.[5]

RCW 9.94A.120(8)(a) provides a special sentencing alternative for first time sex offenders as an alternative to confinement. The special sentence requires that the defendant be placed in "community custody for the length of the suspended sentence" and receive treatment for up to three years.[6] The statute allows the sentencing court to impose specific conditions on the suspended sentence, among them payment of all court-ordered legal financial obligations.[7]

■ If an offender violates the conditions of the suspended sentence, there are several options for sanctions. RCW 9.94A.120(8)(a)(v) is directed to sanctions either imposed by DOC or which DOC may recommend to the trial court upon referral to the court. It states that:

> If a violation of conditions occurs during community custody, the department shall either impose sanctions as provided for in RCW 9.94A.205(2)(a) or refer the violation to the court and recommend revocation of the suspended sentence as provided for in (a)(vi) of this subsection.

Noticeably absent from this subsection is any reference to the trial court's power to sanction. That option is covered by the subsection that immediately follows the subsection establishing DOC's options:

> *The court may revoke the suspended sentence at any time during the period of community custody and order execution of the sentence if*: (A) *The defendant violates the conditions of the suspended sentence*, or (B) the court finds that the defendant is failing to make satisfactory progress in treatment. All confine-

---

[3] *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992).

[4] *Harmon v. Dep't of Soc. & Health Servs.*, 134 Wn.2d 523, 542, 951 P.2d 770 (1998).

[5] *State v. Rodman*, 94 Wn. App. 930, 932, 973 P.2d 1095 (1999).

[6] RCW 9.94A.120(8)(a)(ii)(A), (B).

[7] RCW 9.94A.120(8)(a)(ii)(B)(II), (IV).

ment time served during the period of community custody shall be credited to the offender if the suspended sentence is revoked.[8]

These two subsections are best harmonized by recognizing that their plain language must be read to show that subsection (v) confers on DOC certain authority to act in the event of a violation of conditions. Subsection (vi) complements subsection (v) by confirming that the trial court's full power to act *at any time* is undiminished by the conferral of authority on DOC.

RCW 9.94A.200 buttresses this reading of the SSOSA statutes before us. That statute makes clear that notwithstanding DOC's imposition of administrative sanctions, the trial court retains ultimate authority to convert a term of partial confinement to total confinement.[9] While the Legis-

---

[8] RCW 9.94A.120(8)(a)(vi) (emphasis added).

[9] For example, RCW 9.94A.200, which governs noncompliance with all sentences rather than just SSOSA sentences, states in relevant part that:

(1) If an offender violates any condition or requirement of a sentence, the court may modify its order of judgment and sentence and impose further punishment in accordance with this section.

. . . .

(3) If an offender fails to comply with any of the requirements or conditions of a sentence the following provisions apply:

(a)(i) Following the violation, if the offender and the department make a stipulated agreement, the department may impose sanctions such as work release, home detention with electronic monitoring, work crew, community service, inpatient treatment, daily reporting, curfew, educational or counseling sessions, supervision enhanced through electronic monitoring, jail time, or other sanctions available in the community.

. . . .

(b) In the absence of a stipulated agreement, *or where the court is not satisfied with the department's sanctions* as provided in (a) of this subsection, the court, upon the motion of the state, or upon its own motion, shall require the offender to show cause why the offender should not be punished for the noncompliance. . . .

(c) The state has the burden of showing noncompliance by a preponderance of the evidence. *If the court finds that the violation has occurred, it may* order the offender to be confined for a period not to exceed sixty days for each violation, *and may (i) convert a term of partial confinement to total confinement,* (ii) convert community service obligation to total or partial confinement[.]

(Emphasis added.)

lature's conferral of authority on DOC to act by the addition of subsection (v) to the statutory framework is clear, there is simply nothing to suggest that conferral of authority divested the trial court of its broad powers to impose sanctions for violation of its order.

Moreover, reading RCW 9.94A.120(8)(v) as precluding the trial court from revoking a sentence once DOC has imposed administrative sanctions would render RCW 9.94A.120(8)(a)(vi)'s language that courts "may revoke the suspended sentence at any time during . . . community custody" superfluous. To do so would not make sense.

*State v. Raines,*[10] on which Kistner relies, is inapposite. In that case, we held that the trial court exceeded its statutory authority by imposing a condition to "obey all laws" and by extending the defendant's one-year term of community placement because no statute grants courts such authority.[11] In contrast, RCW 9.94A.200(8)(a)(vi) expressly grants the trial court authority to revoke a suspended sentence *at any time* if the defendant violates the conditions of a suspended sentence.

Because it is unnecessary to do so, we do not consider the State's argument that principles of collateral estoppel do not preclude the trial court from revoking Kistner's suspended sentence.

We affirm the order revoking the SSOSA sentence.

COLEMAN and BAKER, JJ., concur.

Review denied at 145 Wn.2d 1003 (2001).

---

[10] 83 Wn. App. 312, 922 P.2d 100 (1996).

[11] *Raines,* 83 Wn. App. at 315-17.