[No. 52178-1-I. Division One. February 23, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY LEON ROBINSON, *Appellant*.

*Cheryl D. Aza*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Carla B. Carlstrom, Deputy*, for respondent.

COLEMAN, J. — Persons accused of violating conditions of their sentences are entitled to the same minimum due process protections as provided in *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). *State v. Abd-Rahmaan*, 120 Wn. App. 284, 84 P.3d 944 (2004). We hold, however, that a person accused of violating the conditions of sentence has some responsibility in ensuring that his or her rights under *Morrissey* are protected. The accused must, at a minimum, place the court on notice that due process is being violated by making an appropriate objection. We affirm the sentence modification because Robinson did not object to any lack of notice or the use of hearsay at the hearing. Additionally, there was sufficient evidence presented for the trial court to find that Robinson violated the conditions of his sentence.

## Facts

Upon release from prison, Jeffrey Leon Robinson was subject to certain community placement conditions, including the requirements to: "be available for contact with the assigned community corrections officer [CCO] as directed," "have no contact with victim or any minor children [without] approval of CCO & mental health treatment counselor," and "[i]nform CCO of any romantic relationships to verify there are no victim-age children involved."

In November 2002, the Department of Corrections (DOC) prepared a document alleging Robinson committed eight violations: (1) failing to reside at a DOC approved residence; (2) cultivating a relationship with Claudia Ott, who has minor children; (3) cultivating a relationship with Beauthoeun Keo, who has minor children; (4) cultivating a relationship with Sambo Voir, who has minor children; (5) intentionally interacting with minor children; (6) failing to

make reasonable progress in sexual deviancy treatment by being terminated from treatment; (7) failing to make regular payment on legal financial obligations; and (8) failing to submit to a polygraph. It is unclear whether a copy of this document was sent to Robinson. In December 2002, the State sent Robinson a notice of sentence violation hearing and a notice of change in sentencing violation hearing. The two notices alleged that Robinson failed to live at a DOC approved address and had nonapproved contact with minor children.

At the sentence modification hearing, Robinson admitted violations 3 through 8 and denied violations 1 and 2. Robinson denied that he failed to live at a DOC approved residence and that he cultivated a relationship with Claudia Ott. At the hearing, Robinson's CCO, Eileen Fermanis, testified about her conversations with Robinson's landlord and Claudia Ott. Robinson's attorney did not object to this testimony. The State also presented letters from Robinson's landlord, Claudia Ott, Beunthoeun Keo,[1] and Michael Singharath.[2] Robinson did not object to this evidence.

The trial court found Robinson guilty of violating the eight conditions of his sentence and sanctioned him with 45 days per violation, for a total of 360 days' confinement.

## Discussion

■■■■ The first issue we address is whether this case is moot because Robinson has already been released from confinement. A case is moot when the court can no longer provide effective relief. *Hart v. Dep't of Soc. & Health Servs.*, 111 Wn.2d 445, 447, 759 P.2d 1206 (1988). This court may reach the merits of an appeal if the case presents a matter of continuing and substantial public interest. *Hart*, 111 Wn.2d at 448. In making this determination, the court will

---

[1] Robinson admitted to cultivating a relationship with Ms. Keo.

[2] Mr. Singharath's letter stated that Robinson frequently stayed in the home of Ms. Keo.

look to three essential factors: "(1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur." *Hart*, 111 Wn.2d at 448. Issues involving sentence modification procedures are of a public nature. Additionally, further guidance is desirable to emphasize that proper objections to violations of the requirements of *Morrissey* are required to preserve errors for appeal. Under RCW 9.94A.634(3)(c), the maximum sanction for each sentence violation is 60 days' confinement. Because of this maximum sanction, it is likely that any potential appellant will be released before the appeal is completed. Therefore, this issue is of continuing and substantial public interest and we will address the merits of the appeal.

██ Robinson argues that his due process rights under *Morrissey* were violated because he did not receive proper notice of the alleged violations. Before a sentence can be modified, the defendant must be given "written notice of the claimed violations." *Morrissey*, 408 U.S. at 489. Robinson received two notices from the State listing violations for failing to live at a DOC approved residence and for having nonapproved contact with minor children. In its report, the DOC listed eight violations, and the trial court used this list during the hearing. When the State listed these eight allegations at the modification hearing, Robinson did not object. In fact, Robinson admitted allegations 3 through 8. In *State v. Nelson*, 103 Wn.2d 760, 697 P.2d 579 (1985), the court held that a defendant could not sit by while his due process rights were violated at a hearing and then allege due process violations on appeal. While the issue involved in *Nelson* was using hearsay statements, improper notice should be treated in the same manner, as notice is also an element of due process under *Morrissey*. Because Robinson did not object to notice at the

modification hearing, he waived the notice requirements and we will not address the issue on appeal.[3]

■ ■ Robinson also argues that the State's use of hearsay evidence violated his due process rights. Under *Morrissey*, a defendant has "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey*, 408 U.S. at 489. The probationer, however, has some responsibility in ensuring that the right to confrontation is preserved:

> The probationer may not sit by, without objection (and in fact use similar hearsay evidence), and then on appeal for the first time claim lack of due process. Revocation of probation is so much within the discretion of the trial court that the probationer must bear some responsibility for the orderly administration of the process. Such simple suggested notification, objection or motion does not unduly burden the probationer's rights or relieve the State of its burden of proof. So long as probationer's minimal due process rights are protected to an appropriate degree, the ultimate decision rests in the discretion of the trial court, subject to appellate review. Defendant simply has both failed to show the merit of his claim and failed to raise the issue of due process right of confrontation at any stage prior to appeal.

*Nelson*, 103 Wn.2d at 766-67. Here, Robinson did not object to the use of hearsay statements at the modification hearing and, therefore, cannot claim on appeal that his due process rights were violated.

■ ■ Additionally, Robinson argues that the trial court's failure to make a written statement of the evidence relied upon and the reasons for its decision violated his due process rights. Under *Morrissey*, due process requires, "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." *Morrissey*, 408 U.S. at 489. The lack of a written statement is not fatal if

---

[3] Moreover, it is apparent that Robinson was prepared to address the merits of the allegations at the hearing. Robinson admitted to six of the alleged violations, and the two remaining allegations were covered in the notices that were served on Robinson.

the trial court indicates, on the record, what evidence it relied upon. *Nelson*, 103 Wn.2d at 767. The only evidence presented at Robinson's hearing was the evidence regarding the particular violations at issue. Therefore, it is possible for this court to determine what evidence the trial court relied upon. Under the circumstances, the lack of a written statement of evidence relied upon is not fatal.

Additionally, the record is sufficient for this court to determine the reasons for the trial court's decision. The trial court stated:

> The defendant has admitted allegation numbers three through eight. The court will find that the defendant committed violation numbers one and two as well. Indeed, I think Mr. Anderson is correct, it does appear to, the defense appears to be that the defendant did not abandon the apartment, that he was still intending to live there. He had some papers there, clothes, presumably, belongings still at the residence. But the allegation is indeed broader than that, and indeed, the evidence is abundantly clear that the defendant was also residing elsewhere. Indeed, some of the other allegations of violations, which have been admitted, establish that he was indeed living in other locations, also with compounding the problem, of course, being that there were minors at those other locations as well.

This statement is sufficient to explain the trial court's reasoning behind finding that Robinson failed to reside at a DOC approved address: the evidence showed that Robinson, though he may have continued to reside at his apartment, also resided at another location. While the trial court did not specifically mention the reasons for finding that he cultivated a relationship with Ms. Ott, this court can ascertain that the trial court found the CCO's testimony regarding Robinson's relationship with Ms. Ott and Ms. Ott's letter to be reliable and based its decision on that evidence. While a much better practice would be for trial courts to clearly state the evidence relied upon and the reasons for their decisions, the record in this case is sufficient to allow effective appellate review.

 Robinson also argues that the alleged violations were improper because they were not violations of the conditions of his sentence. The court cannot punish someone for violating a condition of sentence that was not actually imposed by the court. *State v. Raines*, 83 Wn. App. 312, 316, 922 P.2d 100 (1996). As a condition of his sentence, Robinson was required to be available to his CCO and was prohibited from leaving his county of residence without prior approval. The notice of sentence violation hearing listed "[f]ailure to live at an approved DOC address" as one of the alleged violations. Robinson contends that he was not required to live at a DOC approved residence and that, even if required to do so, the evidence presented did not show that he changed his residence. The trial court specifically found that the allegation was broader than where Robinson technically resided and hinged on the ability of his CCO to contact him. It is implicit in the requirement Robinson be available to his CCO that the CCO know the place or places where he resides. Therefore, the evidence was sufficient to show that Robinson violated the terms of his sentence by failing to reside at a residence known to the CCO.

 Robinson also challenges the finding that "cultivating" a relationship with a woman with minor children violated a term of his sentence. Under his sentence, Robinson was required to report any romantic relationships to his CCO and was prohibited from having contact with minor children. Attempting to "cultivate" a relationship with a woman with minor children is a violation of these conditions of sentence. The CCO testified about conversations he had with Ms. Ott about Robinson's behavior toward her, and a letter from Ms. Ott was presented to the court stating that Robinson called her almost daily for nine months and also spoke with her 15-year-old daughter. This evidence was sufficient to support a finding that Robinson violated the terms of his sentence.

Affirmed.

BECKER, C.J., and COX, J., concur.

Review denied at 152 Wn.2d 1031 (2004).