.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79598-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DEVON JAMES HYSON, | ) | |
| | ) | |
| Appellant. | ) | |

PER CURIAM — Devon Hyson appeals the sentence imposed following his convictions for two counts each of promoting prostitution and misdemeanor violation of a court order. He contends, and the State concedes, that the judgment and sentence contains a clerical error on count 1, erroneously stating that the court imposed a sentence one month above the standard range. The record supports the State's concession. The State argues, however, that the error is moot. It claims "[t]here were never any practical consequences to this error because the sentence in count one ran concurrently with [a longer] term in count three," Hyson has already served his entire sentence, and this court can no longer provide any relief.

Hyson argues that because the clerical error creates an exceptional sentence above the standard range, "[a] future sentencing court could look at that sentence and conclude Hyson's conduct must have been severe enough to warrant extra punishment, and so extra punishment is again deserved." While we think this is unlikely to occur, the potential future consequences of

an erroneous sentence have been held sufficient in some cases to overcome a mootness claim.  See State v. Raines, 83 Wn. App. 312, 315, 922 P.2d 100 (1996) (holding that defendant's objections to court's modification of his sentence were not moot, even though he had served the entire modified sentence, because the modifications could cause a future sentencing court to impose additional demanding conditions of community placement or sway a court to impose the high end of the standard range).  Accordingly, we remand for the court to correct the clerical error by recording a standard range sentence on count 1.