FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 JAN 21 PM 12: 08

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68849-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON MATHISON, | ) | ORDER GRANTING MOTION |
| | ) | EXTENSION OF TIME, DENYING |
| | ) | MOTION FOR RECONSIDERATION, |
| Appellant. | ) | AND CHANGING AND REPLACING |
| | ) | OPINION |

Appellant Jason Mathison filed a motion for an extension of time to file a motion for reconsideration of the court's opinion filed December 9, 2013. The panel has determined that the motion should be granted and the motion for reconsideration considered on its merits. After due consideration of the motion for reconsideration, the panel has determined it should be denied but that the opinion should be amended and replaced as noted below. Now therefore, it is hereby

ORDERED that appellant's motion for extension of time to file a motion for reconsideration is granted. It is further

ORDERED that appellant's motion for reconsideration is denied. It is further

ORDERED that the opinion be amended on page 4, the second full paragraph: Replace the semicolon at the end of the first full sentence with a period (sentence beginning with "Mathison's sex offender treatment counselor") and add a new sentence which reads: "In addition, Mathison's own witness, sex offender treatment provider

Marsha Macy, testified about Mathison's deception at Northwest Treatment Associates:"

The remainder of the opinion shall remain unchanged.  It is further

    ORDERED that the amended opinion shall replace the original opinion filed

herein.

    Done this _21st_ day of _January_____, 2014.

_____

_____

_____

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 JAN 21 AM 11: 59

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68849-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON PAUL MATHISON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 21, 2014 |
| | ) | |

VERELLEN, J. — Jason Mathison appeals from the May 2012 superior court order revoking his 2005 suspended special sex offender sentencing alternative (SSOSA) sentence after the court determined that he failed to make satisfactory progress in sex offender treatment and had unapproved contact with a minor. Mathison contends he was denied due process because he was affirmatively advised he would have to complete only three years of sex offender treatment and was not adequately informed his suspended sentence could be revoked if he was terminated from treatment after completing three years. Consistent with former RCW 9.94A.670 (1994), which mandated the trial court to order sex offender treatment for "any period up to 3 years in duration," one section of the judgment and sentence had a box checked stating that the defendant shall complete sex offender treatment for three years, but the conditions of community custody contained in the judgment and sentence unambiguously required Mathison to satisfactorily participate in treatment until successful completion, even if it took longer than three years. The trial court orally advised Mathison he was required to

successfully complete treatment even if it took longer than three years. And Mathison's conduct is consistent with his understanding of this requirement. Mathison does not establish a denial of due process or any other reversible error. We affirm.

## FACTS

Mathison pleaded guilty to two counts of first degree rape of a child and one count of possession of depictions of minors engaged in sexually explicit conduct for acts occurring between September 1, 2004 and January 1, 2005. In his statement on plea of guilty, Mathison acknowledged that in conjunction with the suspension of his sentence, he would be "placed on community custody for the length of the statutory maximum sentence of the offense," that he "will be ordered to participate in sex offender treatment," and that "[i]f a violation of the sentence occurs during community custody, the judge may revoke the suspended sentence."[1]

He was sentenced on September 30, 2005. The sentencing court suspended 131 months of confinement on the rape counts and imposed a SSOSA sentence, requiring Mathison to first serve 12 months in prison on the pornography count, and to then follow an extensive set of requirements of his sentence and community custody conditions. The SSOSA portion of the judgment and sentence included a box that was checked that the defendant shall undergo sex offender treatment "for [X] three years"[2] But the judgment and sentence also required Mathison to "comply with any other conditions stated in this [j]udgment and [s]entence,"[3] including that he "shall participate in the following crime-related treatment or counseling services: SSOSA treatment

---

[1] Clerk's Papers at 14.

[2] Clerk's Papers at 40.

[3] Clerk's Papers at 40.

2

pursuant to sex deviancy evaluation of [Northwest] Treatment Associates with all treatment recommendations, attached."[4] The sex offender evaluation attached as an addendum expressly stated that the "[e]stimated duration for group treatment would be three years plus."[5] The sentencing court explained to Mathison that he would be required to successfully complete treatment, whether it took three years or more:

> Now, most people who are subjected to this sentencing alternative succeed. Some of the most satisfying days that I have spent as a judge is when a defendant appears before me at the conclusion of the treatment period, after three or more years of treatment, and I receive not only passing, but sometimes glowing reports of the progress that such offenders have made as treatment recipients and as human beings. It's a genuine pleasure at that point to sign documents indicating their compliance and their success.
>
> . . . .
>
> Upon release from jail, Mr. Mathison shall enter into and make reasonable progress and successfully complete a program for the treatment of sexual deviancy for a period of 3 years or however long it takes to so successfully complete the program with Northwest Treatment and associates.[6]

After serving a term of confinement, Mathison began treatment with Northwest Treatment Associates in January 2006. He remained active in treatment until February 8, 2012, when he was terminated based in part on information the Department of Corrections listed in its January 31, 2012 notice that Mathison violated conditions of his sentence. Specifically, the Department alleged that Mathison was engaged in a romantic relationship with a woman who had a one-year-old daughter without disclosing the nature of the relationship to his community corrections officer or treatment provider as required. After he was terminated from treatment, the Department filed a

---

[4] Clerk's Papers at 44.

[5] Clerk's Papers at 46.

[6] Report of Proceedings (RP) (Sept. 30, 2005) at 16-17.

supplemental notice of violation to include his noncompliance with the treatment requirement.

At the superior court hearing to address Mathison's violations, the State alleged 14 violations. Mathison stipulated he had been terminated from treatment and that it was a violation of his SSOSA conditions.

Mathison's sex offender treatment counselor, Mr. Dandescu, testified that Mathison had fooled his counselors into believing he was succeeding in treatment when in fact he was not. In addition, Mathison's own witness, sex offender treatment provider Marsha Macy, testified about Mathison's deception at Northwest Treatment Associates:

> A.   . . . He said that he was doing well. He seemed to be in compliance. He would use—he would give little pieces of information of something he would do wrong in order to appear as if he was being disclosing and he was not. But that seemed to be generated more towards the end of his treatment. So, again, had he been someplace else, he may have been successfully advanced out of treatment and that would have never come to the foreground. So it's good fortune for the community that he was where he was and that they were finally made aware that this was going on.[7]
>
> Q.   You also indicated that Mr. Mathison has been characterized as a, quote, treatment failure.
>
> A.   Yes.
>
>   . . . .
>
> Q.   And also you characterized his behavior as an egregious disregard for his condition [of] treatment. Is that also fair to say?
>
> A.   Yes, it is.[8]

The trial court concluded that Mathison violated the terms of his sentence by being terminated from treatment and having unapproved minor contact, revoked his

---

[7] RP (May 18, 2012) at 78.

[8] RP (May 18, 2012) at 87.

suspended sentence, and imposed the remainder of the sentence, 131 months, on the rape counts.

## ANALYSIS

Mathison contends that the trial court violated his due process right to notice because he was not informed that his suspended sentence could be revoked if he was terminated from treatment after completing three years. Mathison's argument is without merit.

A SSOSA sentence may be revoked at any time where there is sufficient proof to reasonably satisfy the trial court that "(a) the offender violates the conditions of the suspended sentence, or (b) the court finds that the offender is failing to make satisfactory progress in treatment."[9] "Once a SSOSA is revoked, the original sentence is reinstated."[10] An offender serving a conditional suspended sentence has minimal due process rights at a revocation hearing.[11]

Mathison's claim that he had inadequate notice of the condition requiring him to remain in sex offender treatment is belied by the record and by his affirmative conduct. The plea agreement, judgment and sentence, and sentencing court's oral remarks all demonstrate that Mathison had ample notice that he was required to successfully complete treatment as a condition of his community custody, even if it took longer than three years.

---

[9] Former RCW 9.94A.670(10) (2004); State v. McCormick, 166 Wn.2d 689, 705, 213 P.3d 32 (2009).

[10] State v. Dahl, 139 Wn.2d 678, 683, 990 P.2d 396 (1999).

[11] State v. Nelson, 103 Wn.2d 760, 762-63, 697 P.2d 579 (1985); State v. Badger, 64 Wn. App. 904, 907, 827 P.2d 318 (1992).

Mathison's own actions and words further reveal that he was not confused about this requirement.[12] Mathison remained in treatment for approximately six years. And when he was terminated from treatment, he sought admission to a different program. At the revocation hearing, Mathison conceded that he knew he was required to complete treatment, and was frustrated by this fact, stating, "I attended treatment, but over time . . . I didn't know when I could be released or when community custody would ever end and I could move on with my life.[13]

At the revocation hearing, his counsel expressly conceded the violation:

COUNSEL: Your Honor, it's defense's position that Mr. Mathison is admitting to the two violations, which are, in fact, DOC violations and violations of the conditions of his judgment and sentence.

COURT: Which are?

COUNSEL: Which are that he has been terminated from treatment. I think that's—that's clear.

COURT: Right.

. . . .

COURT: So I just want to understand your position. I'm looking at the judgment and sentence signed by Judge Fox back in September of 2005, appendix H says, two-thirds of the way down, "Defendant shall participate in the following crime-related treatment or counseling services: SSOSA treatment pursuant to sex deviancy evaluation of Northwest Treatment Associates with all treatment recommendations. Attached." And then there's a document that says, "Addendum to appendix H." So part of your stipulation, I just want to be clear, is that Mr. Mathison is in violation of that condition. Is that right?

COUNSEL: Correct.[14]

---

[12] See State v. Harris, 97 Wn. App. 647, 985 P.2d 417 (1999) ("Harris's own actions in complying with the conditions of his SSOSA defeat his argument that without an interpreter he did not have adequate notice of what he was required to do.")

[13] RP (May 18, 2012) at 136.

[14] RP (May 18, 2012) at 118-19.

A trial court's decision to revoke a SSOSA suspended sentence is reviewed for an abuse of discretion.[15] A trial court abuses its discretion only where the trial court's decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons."[16] Here, the trial court applied the correct legal standards in revoking Mathison's SSOSA sentence. Mathison fails to demonstrate any denial of due process or abuse of discretion.

Mathison raises additional arguments in his statement of additional grounds for review. None of Mathison's arguments has merit.

Mathison contends that the trial court's failure to set a prospective "treatment termination hearing" and the treatment provider to send "quarterly reports," as required in former RCW 9.94A.670 "caused the conditions on the Appellants J&S to become ambiguous."[17] But the judgment and sentence was not ambiguous. Mathison had notice that he was required to successfully complete treatment, whether it took up to three years, or longer. Whether the court and treatment providers fulfilled their obligations to set a hearing and generate reports is collateral to this issue.

Mathison contends that he received ineffective assistance of counsel at his revocation hearing because his counsel failed to argue that his judgment and sentence was rendered ambiguous by the court's failure to set a termination hearing. However, these were collateral issues. Given the unambiguity of the judgment and sentence and the record demonstrating Mathison's awareness of the treatment requirements, counsel was not ineffective for not focusing on these concerns.

---

[15] State v. Partee, 141 Wn. App. 355, 361, 170 P.3d 60 (2007).

[16] State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

[17] Statement of Additional Grounds at 3-4.

Mathison argues that he was denied the opportunity for allocution upon revocation of his suspended sentence. At the revocation hearing, Mathison's counsel informed the court he wished to allocute only after the court announced its decision. His request was granted. Mathison addressed the court and the court stated that it appreciated Mathison's remarks, then signed the order revoking the sentence.

Although our Supreme Court in State v. Canfield recognized a defendant's "limited right of allocution based upon the common law right of allocution and the minimal due process requirements at revocation hearings," this "is not a right of constitutional magnitude."[18] As was true in Canfield, here, the trial court did not have "adequate notice that [the defendant] wished to offer a plea in mitigation of his sentence or to plead for leniency" before it announced its decision to revoke the suspended sentence.[19] If a trial court fails to solicit a defendant's statement before imposing sentence, the defendant must object in order to preserve a claim of error. The Washington Supreme Court decision in State v. Hatchie controls.[20] There, the trial court announced its sentence before giving the defendant a chance to speak.[21] Concluding that the defendant waived the issue by failing to object, the court refused to consider

---

[18] 154 Wn.2d 698, 708, 116 P.3d 391 (2005). Mathison cites and quotes extensively from the Court of Appeals decision in State v. Canfield, 120 Wn. App. 729, 86 P.3d 806 (2004). To the extent that the earlier opinion is inconsistent with the later Supreme Court opinion, it is no longer applicable authority.

[19] 154 Wn.2d at 707, 708 ("while allocution itself is not a right of constitutional magnitude, the constitutional 'right to be heard in person' includes a right to allocution if the defendant requests it").

[20] 161 Wn.2d 390, 405, 166 P.3d 698 (2007).

[21] Hatchie, 161 Wn.2d at 405-06.

Hatchie's challenge to the timing of the allocution.[22] The same analysis applies here. Because Mathison failed to object below, he has not preserved the issue for appeal, and his challenge fails.

Mathison's argument that his counsel was ineffective by her failure to ask for allocution earlier does not establish prejudice under these circumstances. He was given the opportunity to address the court, and availed himself of that opportunity.

Finally, Mathison asserts that he should receive credit against his sentence for time spent in the court-ordered treatment program. Our Supreme Court held in State v. Pannell that "an offender is not entitled to credit against the maximum sentence for nonconfined time spent when a sentence is suspended pursuant to a SSOSA."[23] Mathison fails to persuasively distinguish his case from Pannell.

Affirmed.

WE CONCUR:

_____

_____

_____

---

[22] The Supreme Court also has refused to consider a challenge to a complete failure to offer an opportunity for allocution where the defendant did not object in the trial court. State v. Hughes, 154 Wn.2d 118, 153, 110 P.3d 192 (2005), overruled on other grounds, Washington v. Recuenco, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006); accord State v. Ague-Masters, 138 Wn. App. 86, 109-10, 156 P.3d 265 (2007).

[23] 173 Wn.2d 222, 234, 267 P.3d 349 (2011).